UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Douglas Gibbons,

    Plaintiff,

    v.    Case No. 1:06cv81

Kelly Services Inc., *et al.*,    Judge Michael R. Barrett

    Defendants.

## ORDER

This matter is before the Court upon this Court's Order to Show Cause, entered on July 9, 2007. (Doc. 36) Also before the Court is Defendant Kelly Services Inc.'s Motion for Sanctions. (Doc. 34) To date, Plaintiff has not filed a response to either the Court's Order to Show Cause or Kelly Services' Motion.

Plaintiff, who is before this Court *pro se*, did not appear for a telephone conference held on July 9, 2007. Notice of the telephone conference, sent to the address provided by Gibbons, was returned to the Clerk's Office as unclaimed. (Doc. 32) Counsel for Kelly Services indicated during the phone conference that Gibbons uses another address. This Court's Show Cause Order was sent to this address, and was received by Plaintiff at that address. (Doc. 36-2)[1]

The Federal Rules of Civil Procedure provide in pertinent part that, "[f]or failure of

---

[1] As this Court noted in its Show Cause Order, this Court has dismissed another *pro se* action filed by Gibbons for the failure to prosecute and notify the Court of an address change. *Gibbons v. Asset Acceptance Corp.*, 2006 WL 3452521, *2 (S.D.Ohio November 29, 2006) (unpublished) (dismissing matter after finding that Gibbons engaged in a clear pattern of delay by failing to respond to the Court's Order to Show Cause and by failing to notify the Court of any further change of address).

the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).  The district courts, moreover, have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power.  *See* Fed. R. Civ. P. 41(b).   An action is subject to dismissal for want of prosecution where the *pro se* litigant fails to comply with the Court's orders or engages in a clear pattern of delay.  *See Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

In addition, Federal Rule of Civil Procedure 37(d) provides that if a party fails to appear for a deposition after being served with a proper notice, the court "may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C)" of Fed.R.Civ.P. 37(b)(2).   Under Fed.R.Civ.P. 37(b)(2)(C), a district court is authorized to enter an order dismissing the action.  *Noble v. Cameron Mitchell Restaurants, LLC*, 2005 WL 3113057, *1 (S.D.Ohio Nov. 18,2005) (unpublished) (dismissing action under Rule 37 for plaintiff's failure to appear at his deposition).

The Court finds that Plaintiff has failed to comply with the Court's orders and has engaged in a clear pattern of delay.  Therefore, the Court will dismiss this action, under Federal Rules of Civil Procedure 41(b) and 37(d).  While Kelly Services has asked to be reimbursed for the expenses incurred in the preparation for and attendance at the deposition; the expenses to draft and file its Motion for Sanctions; and the expenses

associated with the court reporter who appeared for the deposition, the Court finds that dismissal is a harsh sanction, and further sanctions are not necessary. Therefore, it is hereby **ORDERED** that:

1. This action is **DISMISSED** with prejudice for lack of prosecution pursuant to the Court's Order to Show Cause (Doc. 36);

2. Kelly Services' Motion for Sanctions (Doc. 34) is **GRANTED** to the extent that it seeks dismissal of this action, and **DENIED** to the extent that it seeks expenses;

3. This matter is hereby **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

           _/s/ Michael R. Barrett_
           Michael R. Barrett, Judge
           United States District Court